UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES III,

    Plaintiff,

v.

                                                             Hon. Jane M. Beckering

LASER ACCESS LLC,                                 Case No. 1:23-cv-144

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff David Angel Sifuentes III, a frequent filer in this Court, filed a pro se complaint against his former employer on February 6, 2023, alleging that it violated the Age Discrimination in Employment Act of 1967 (ADEA), failed to give adequate notice of a permanent layoff, failed to provide him due process, and committed negligent and intentional infliction of emotional distress when it terminated his employment. Sifuentes further alleges that Defendant invaded his privacy by installing cameras inside its facility.

On February 8, 2023, I granted Sifuentes's motion to proceed *in forma pauperis*. (ECF No. 6.) Accordingly, I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Based on this review, I conclude that the complaint must be dismissed because it fails to state a claim upon which relief may be granted.

### I. Background

Sifuentes alleges that on June 21, 2022, he received a call from Defendant's human resources department informing him that he was going to be laid off from his job permanently beginning that day. The caller told Sifuentes that he and another employee had been selected for

layoff. Sifuentes alleges that he had never received a write-up prior to that time, had never been disciplined, and had completed his work assignments on time to the best of his ability. He alleges that the only explanation he was given was "due to rate," apparently meaning failure to meet the production rate. (ECF No. 1 at PageID.2.) Sifuentes admits that sometimes he would not make his rate, but he claims that this was due to the machine being down and not working. He claims that some of the machines were poorly maintained and needed repair. In addition, he alleges that Defendant placed cameras everywhere around the shop, including near the machines, to look for reasons to discipline employees when the machines went down. (*Id.*)

Sifuentes alleges that Defendant violated the ADEA because he was over 40 and was laid off due to his productivity rate, "which productivity over 40 is protected under the [ADEA]." (*Id.* at PageID.3.) Next, he alleges that he was laid off without due process and fair and adequate notice. (*Id.*) Next, Sifuentes alleges that Defendant violated his right to privacy at the work place by installing cameras inside and outside machines and in break areas and the breakroom. Finally, he alleges claims for negligent and intentional infliction of emotional distress because he is "very mad, angry, and sacred [sic], worried, nervous and has trouble sleeping and scared of what [Defendant] will tell are [sic] inform other employers." (*Id.* at PageID.4.)

Sifuentes seeks $250,000.00 in actual damages and $300,000.00 in exemplary, compensatory, and punitive damages, as well as injunctive and declaratory relief.[1] (*Id.*)

---

[1] I note that in his application to proceed *in forma pauperis*, Sifuentes reports that his gross monthly pay with Defendant was $1,400.00, while his gross monthly pay with his present employer is $2,500.00. (ECF No. 5 at PageID.18.) Thus, it appears he has no claim for lost wages.

## II. Standard for Dismissal

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Because Sifuentes is proceeding pro se, the Court must construe his pleading more liberally than is usually the case for formal pleadings lawyers draft. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But this liberal pleading standard "is not without its limits, and does not 'abrogate basic

3

pleading essentials in pro se suits.'" *Clark v. Johnston*, 413 F. App'x 804, 817 (6th Cir. 2011) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Stated differently, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf" *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). To require otherwise "would not only strain judicial resources . . . but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Discussion

#### A.   Federal Claims

##### 1.   ADEA Claim

Sifuentes first alleges that Defendant violated the ADEA when it terminated his employment. The ADEA prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a prima facie case of age discrimination under the ADEA using circumstantial evidence, a plaintiff must show that: (1) he is a member of the protected class, meaning he was at least 40 years old; (2) he was subjected to an adverse employment action; (3) he was qualified for the position; and (4) he was replaced by a substantially younger employee. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S.308, 312 (1996); *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 521 (6th Cir. 2008). Alternatively, a plaintiff may satisfy the fourth prong by adducing evidence that similarly situated non-protected employees were treated differently. *See Sperber v. Nicholson*, 342 F. App'x 131, 132 (6th Cir. 2009) (quoting *Coomer v. Bethesda Hosp., Inc*. 370 F.3d 499, 511 (6th Cir. 2004)). A plaintiff is not required to allege an indirect-evidence prima facie case of discrimination under this framework at the pleading

stage. *Keys v. Humana, Inc.*, 684 F.3d 605, 606 (6th Cir. 2012). Nonetheless, a plaintiff alleging age discrimination must still "allege sufficient factual content to make a claim for relief plausible." *Blick v. Ann Arbor Pub. Sch. Dist.*, 516 F. Supp. 3d 711, 722 (E.D. Mich. 2021).

Here, Sifuentes fails to state a claim for age discrimination upon which relief may be granted. Other than his allegation that he was over 40 years old when the alleged discrimination occurred, he alleges no fact suggesting that he was discharged because of his age. That is, Sifuentes does not allege that he was replaced by a substantially younger individual, or even that he was replaced. In addition, he does not allege that he was treated differently from non-protected employees. *See Williams v. Scan Source*, No. 2:17-cv-02578, 2018 WL 5218011, at *2 (W.D. Tenn. Jan. 23, 2018) (dismissing pro se plaintiff's age discrimination because she failed to allege "any facts from which the Court can infer that she was discriminated against because of her age, other than the fact that she was over forty years old when the alleged discrimination took place"). In short, Sifuentes fails to allege a single fact suggesting that his age played any part in Defendant's decision to discharge him. Finally, to the extent Sifuentes alleges that Defendant failed to accommodate his age-related performance issues, he fails to state a claim because, unlike the Americans with Disabilities Act, "the ADEA contains no reasonable accommodation analysis." *Detz v. Greiner Indus., Inc.*, 224 F. Supp. 2d 905, 914 (E.D. Pa. 2002); *see also Johnson v. ExxonMobil Corp.*, 426 F.3d 887, 893 (7th Cir. 2005) (observing that "the standard for an ADEA claim is more exacting than the standard for [an] ADA claim, as the ADEA does not allow for 'reasonable accommodation'").

Therefore, I recommend that this claim be dismissed.

## 2. Due Process/WARN Act Claim

Sifuentes alleges that Defendant failed to provide him fair and adequate notice of the discharge. To the extent he intends to allege a due process claim under the Fourteenth Amendment, the claim lacks merit. In order to establish a due process violation, a plaintiff must show that the defendant was a state actor. *Waeschle v. Dragovic*, 576 F.3d 539, 544 (6th Cir. 2009); *see also Krukemyer v. Forcum*, 475 F. App'x 563, 566 (6th Cir. 2012) ("Indeed, there is no constitutional right to be free from harm inflicted by private actors. A due process claim lies only against a governmental defendant."). Sifuentes does not allege that Defendant—a private business—is a governmental actor.

To the extent Sifuentes contends that Defendant violated the Workers Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq*. (WARN Act), which conceivably could apply to Defendant, his claim still fails. The WARN Act requires "an employer" to provide "affected employees" 60 days' notice prior to "plant closing[s]" or "mass layoff[s]." 29 U.S.C. § 2102(a). To qualify as an "employer," the employer must have 100 or more full-time employees or "100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of hours of overtime)." 29 U.S.C. § 2101(a)(1). A "mass layoff" means a reduction in force resulting in "employment loss at the single site of employment during any 30-day period" of: (1) "at least 33 percent of the employees (excluding any part-time employees)"; and (2) "at least 50 employees (excluding any part-time employees)" or "at least 500 employees (excluding any part-time employees)." 29 U.S.C. § 2101(a)(3). Sifuentes does not allege that he was discharged as the result of a plant closing or in connection with a mass layoff. Indeed, he admits that he and another employee were the only employees discharged. Therefore, any WARN Act claim must fail.

**B.     State Law Claims**

Sifuentes alleges that the Court has diversity jurisdiction over this action because he and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. (ECF No. 1 at PageID.2.) He alleges that the parties are diverse because he is a Michigan citizen and, "as far as [he] has learned," Defendant's members are located out of state. (*Id.*) While it is questionable whether the facts alleged support that the jurisdictional threshold is met, even assuming that diversity jurisdiction exists, Sifuentes fails to state a claim under Michigan law.

**1.     Intentional/Negligent Infliction of Emotional Distress**

To state a claim for intentional infliction of emotional distress under Michigan law, a plaintiff must allege, among other things, that the defendant's conduct was "extreme and outrageous." *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 602 (1985). "Liability for the intentional infliction of emotional distress has been found only where the conduct complained of has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Graham v. Ford*, 237 Mich. App. 670, 674 (1999). The test is whether "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Roberts*, 422 Mich. at 603 (quoting Restatement (Second) of Torts § 46 cmt. d (1948)). Sifuentes fails to allege any fact that meets this high standard of extreme and outrageous conduct. At most, he alleges that he was discharged from his employment, perhaps without cause, but he does not even allege that his employment was anything other than at-will. Regardless, Sifuentes's allegations do not meet the required showing of "such outrageous conduct 'as to go beyond all possible bounds of decency.'" *Novosel v. Sears, Roebuck & Co.*, 495 F. Supp.

344, 347 (E.D. Mich. 1980); *see also Scuderi v. Monumental Life Ins. Co.*, 344 F. Supp. 2d 584, 606 (E.D. Mich. 2004) (stating that "both state and federal courts in Michigan have repeatedly held as a matter of law that the termination of an individual's employment is not sufficiently outrageous to state a cause of action for intentional infliction of emotional distress" (collecting cases)).

As for negligent infliction of emotional distress, in Michigan, such claims are generally "limited to 'situations involving the plaintiff's witnessing negligent injury to an immediate family member and suffering severe mental distress causing actual physical harm.'" *Gillespie v. City of Battle Creek*, 100 F. Supp. 3d 623, 634 (W.D. Mich. 2015) (quoting *Akbar v. City of Detroit*, No. 294610, 2011 WL 1485334, at *4 (Mich. Ct. App. Apr. 19, 2011)); *see also Idemudia v. Consol. Rail Corp.*, 895 F. Supp. 162, 164–65 (E.D. Mich. 1995) (concluding that Michigan limits bystander recovery in negligent infliction cases to immediate family members). Second, the defendant's negligent conduct must cause emotional distress that produces a "definite and objective physical injury." *Maldonado v. Nat'l Acme Co.*, 73 F.3d 642, 645 (6th Cir. 1996) (citing *Daley v. LaCroix*, 384 Mich. 4, 12 (1970)). Sifuentes does not allege that he witnessed negligent injury to an immediate family member, nor does he allege the requisite physical injury. Thus, this claim also fails.

### 2. Right to Privacy

Finally, Sifuentes alleges that Defendant's placement of cameras inside its shop around the machines and in the breakroom constituted an "invasion of privacy" or violated his "right to privacy at the work place." (ECF No. 1 at PageID.1, 4.) He does not identify the source of the alleged privacy right. First, to the extent Sifuentes alleges a Fourteenth Amendment right to privacy, such claim would fail because, as discussed above, Defendant is not a governmental

entity. Second, if the claim purports to invoke Michigan law, it still fails to state a claim. In Michigan, the common-law right of privacy protects four types of invasion of privacy:

> 1. Intrusion upon the plaintiff's seclusion or solitude, or into his private affairs.
>
> 2. Public disclosure of embarrassing private facts about the plaintiff.
>
> 3. Publicity which places the plaintiff in a false light in the public eye.
>
> 4. Appropriation, for the defendant's advantage, of the plaintiff's name or likeness.

*Tobin v. Civil Serv. Emps. of State of Mich.*, 416 Mich. 661, 672 (1982) (quoting *Beaumont v. Brown*, 401 Mich. 80, 95 n.10 (1977)).

The first type of invasion arguably applies to the invasion Sifuentes alleges—violation of a right to privacy in the open areas at his workplace. Even so, Sifuentes wholly fails to allege that he had a legitimate expectation of privacy in the production or break areas of his employer's premises. When confronted with an employee's claim that his employer violated his right to privacy by monitoring his activity through cameras placed in the open, courts have held that the employee simply has no reasonable expectation of privacy. For example in *Vega-Rodriguez v. Puerto Rico Telephone Co.*, 110 F.3d 174 (1st Cir. 1997)—a case involving a quasi-public corporation defendant that was subject to Fourth Amendment constraints—the court found it "simply implausible to suggest that society would recognize as reasonable an employee's expectation of privacy against being viewed while toiling in the Center's open and undifferentiated work area." *Id.* at 180. The court reasoned that "[e]mployers possess a legitimate interest in the efficient operation of the work place, and one attribute of this interest is that supervisors may monitor at will that which is in plain view within an open work area." *Id.* (internal citation omitted). The fact that such monitoring was accomplished by video surveillance through cameras placed in plain view did not alter the analysis. *Id.* Similarly, in *Rodan Enterprises, Inc. v. Sirius America Insurance Company*, No. C05-04643, 2006 WL 8459712 (N.D. Cal. Nov. 15, 2006), an insurance

coverage dispute regarding right of privacy claims brought by the insured's employee based on the insured's workplace video surveillance, the court found that the employee lacked an objectively reasonable expectation of seclusion or solitude in her workplace because she was in a public place when she was surveilled inside the insured's store, she was acting within the scope of her duties rather than engaging in non-work related personal activities at the time of the surveillance, and was aware of the surveillance cameras during her employment. *Id.* at *5. As these cases demonstrate, Sifuentes fails to allege facts indicating that he had a reasonable expectation of privacy in his employer's workplace. Sifuentes alleges that Defendant placed cameras around the shop near the machines where he worked and in the breakroom and that employees were aware of the security cameras. Under these circumstances, Sifuentes did not have a reasonable expectation of privacy that can support an invasion of privacy claim.

## IV. Conclusion

For the reasons set forth above, I recommend that the Court dismiss the complaint for failure to state a claim upon which relief may be granted.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Sifuentes appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  February 10, 2023                                              /s/ Sally J. Berens
                                SALLY J. BERENS
                                U.S. Magistrate Judge

  OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).